IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROY WILLIAM WYATT,

    Petitioner,

v.

MAX WILLIAMS, ODOC Director;
and MRS. N. HOWTON, OSCI
Superintendent,

    Respondents.

Civil No. 05-434-AS

ORDER TO AMEND

ASHMANSKAS, Magistrate Judge.

    Petitioner, an inmate at the Oregon State Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 *pro se*.

    Petitioner was convicted of felony-driving under the influence of intoxicants and felony-driving with a suspended license on December 18, 2001, and was sentenced to 55 months of imprisonment. Petitioner does not contest the legality of his

conviction or sentence in this action. Rather, attached to the Petition is a 23-page handwritten narrative complaining of disciplinary proceedings, grievance processes, and other issues arising during the term of Petitioner's confinement. Petitioner does not specifically identify the individual disciplinary proceedings he seeks to challenge, nor does he describe what aspect or issue in connection with the proceedings violated his constitutional rights. Petitioner does enumerate several instances when good-time credits were revoked, and by way of remedy, seeks immediate release from custody.

Pursuant to 28 U.S.C. § 2254, this court may grant habeas corpus relief "to a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Pursuant to Rule 2 of the Rules Governing Section 2254 Cases, a petition for writ of habeas corpus under 28 U.S.C. § 2254 must satisfy the following requirements:

(c) Form. The petition must:

    (1) specify all the grounds for relief available to the petitioner;

    (2) state the facts supporting each ground;

    (3) state the relief requested;

    (4) be printed, typewritten, or legibly handwritten; and

>     (5) be signed under penalty of perjury by the
>     petitioner or by a person authorized to sign it for
>     the petitioner under 28 U.S.C. § 2242.
>
> (d) Standard Form. The petition must substantially
> follow either the form appended to these rules or a form
> prescribed by a local district-court rule. The clerk
> must make forms available to petitioners without charge.

Rule 2, Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254.

Upon the filing of a petition under § 2254, the Clerk of the Court must "promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254.

Petitioner's petition for writ of habeas corpus does not satisfy the requirements of Rule 2. The court is unable to ascertain the exact date(s) and charge(s) of the disciplinary proceedings against Petitioner, and likewise is unable to ascertain the specific constitutional violations alleged. Accordingly, IT IS ORDERED that within 30 days of the date of this order, Petitioner must file an amended petition for writ of habeas corpus complying with the requirements of Rule 2. Petitioner is advised that failure to file an amended petition curing the

deficiencies noted shall result in dismissal of this proceeding for lack of prosecution.

IT IS FURTHER ORDERED that Petitioner's motion for appointment of counsel (#3) is DENIED, without prejudice to his right to renew the motion upon the filing of an amended petition for writ of habeas corpus.

IT IS SO ORDERED.

DATED this \_\_\_\_\_ day of April, 2005.

                                       Donald C. Ashmanskas
                                       United States Magistrate Judge