

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROY WILLIAM WYATT,

        Petitioner,

    v.

MAX WILLIAMS, et al.,

        Respondents.

Civil No. 05-434-AC

FINDINGS AND RECOMMENDATION

STEVEN T. WAX
Federal Public Defender
101 SW Main Street
Suite 1700
Portland, OR 97204

        Attorney for Petitioner

JOHN R. KROGER
Attorney General
LYNN DAVID LARSEN
Attorney-In-Charge
Department of Justice
1162 Court Street NE
Salem, OR 97301

        Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION -

ACOSTA, Magistrate Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Amended Petition for Writ of Habeas Corpus should be DENIED.

## BACKGROUND

On December 18, 2001, Petitioner pleaded guilty to one felony charge of Driving Under the Influence of Intoxicants ("DUII") and one felony charge of Driving With a Suspended Licence ("DWS"). The trial judge sentenced Petitioner to 30 months of imprisonment on the DUII and a consecutive, 25-month term on the DWS, with a two-year term of post-prison supervision. Petitioner's driver's licence was revoked for one year and suspended for three years. The judgment of conviction became final on December 24, 2001.

Petitioner did not file a direct appeal. He did file a petition for state post-conviction relief ("PCR"). Petitioner signed his PCR petition on October 24, 2003. Following an evidentiary hearing, the PCR trial court denied relief. The Oregon Court of Appeals summarily affirmed the denial of relief, and the Oregon Supreme Court denied review. Respondent's Exhibits 125, 127.

On March 23, 2005, Petitioner filed his Petition for Writ of Habeas Corpus in this court. The matter was ordered stayed pending completion of the state PCR proceeding. On August 26, 2008, the stay was lifted, and the parties proceeding with briefing.

Respondent argues this habeas corpus action must be dismissed as untimely. Petitioner concedes the Petition was not timely filed, but argues the limitation period should not apply under the circumstances of his action. Petitioner acknowledges, however, that Ninth Circuit precedent precludes his argument.

## DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations in which state prisoners must file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1). The one-year time limitation commences from the date the conviction becomes final, but the statute is tolled during the time that a properly filed application for state post-conviction review is pending. 28 U.S.C. §§ 2244(d)(1)(A) and (d)(2). Under Oregon law, a prisoner has two years from the date the conviction becomes final to file a PCR petition. Or. Rev. Stat. § 138.510(3).

Petitioner argues, for preservation purposes, that holding him to the one-year AEDPA statute of limitations in the face of the two-year limitation period in Oregon's PCR courts violates the Suspension Clause and provides a basis for equitable tolling. As Petitioner recognizes, the Ninth Circuit rejected the arguments he raises here, holding that "AEDPA's one-year statute of limitations, even if in tension with a longer state statute of limitations, does not render federal habeas an inadequate or ineffective remedy." *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir.), *cert. denied*, 540 U.S. 924 (2003).

Because the one-year statute of limitations period for habeas petitions does not constitute an unlawful suspension of the writ or provide a basis for equitable tolling in light of Oregon's two-year PCR limitation period, the Amended Petition for Writ of Habeas Corpus must be dismissed as untimely.

## **RECOMMENDATION**

For these reasons, the Amended Petition for Writ of Habeas Corpus should be DENIED, and a judgment of DISMISSAL should be entered.

## **SCHEDULING**

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due July 22, 2009. If no objections are filed, review of the Findings and Recommendation will go under advisement that date.

A party may respond to another party's objections within 10 days after filing of the objections. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

DATED this 8th day of July, 2009.

John V. Acosta
United States Magistrate Judge

4 - FINDINGS AND RECOMMENDATION -                F:\Share\Acosta\05-434wyatt0707f&r.wpd